IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

COREY JONES,

                Petitioner,

v.

R.D. KEYES,

                Respondent.

OPINION and ORDER

22-cv-533-jdp

---

Petitioner Corey Jones, appearing pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Jones was convicted and received a 188-month sentence in the Southern District of Iowa for possession with intent to distribute cocaine. *See United States v. Jones*, No. 3:16-CR-39-1 (S.D. Iowa). His projected release date is September 15, 2029.

Jones seeks habeas relief on the ground that the Federal Bureau of Prisons has not recalculated his sentence to reflect 21 months of sentence credit he has earned under First Step Act. Jones also contends that he is entitled to other First Step Act incentives, such as additional phone minutes and social visitation privileges, that he has not received. Jones's claim about these other incentives is not related to the duration of his confinement, so it is not properly raised in a habeas petition. *See Robinson v. Sherrod*, 631 F.3d 839, 841 (7th Cir. 2011) ("When there isn't even an indirect effect on duration of punishment . . . we'll adhere to our long-standing view that habeas corpus is not a permissible route for challenging prison conditions.").

As for Jones's claim that the bureau has not recalculated his sentence, respondent contends that the claim should be dismissed on the ground that Jones failed to exhaust his administrative remedies. Although there is no express exhaustion requirement in § 2241, courts generally require that an inmate exhaust the bureau's administrative remedies. *See Richmond v.*

*Scibana*, 387 F.3d 602, 604 (7th Cir. 2004) (noting common-law exhaustion rule for § 2241 actions); *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (court "review[s] a claim concerning the computation of a sentence only after administrative remedies have been exhausted"). But I may excuse the failure to exhaust where (1) requiring exhaustion would cause prejudice because of the time required; (2) the agency cannot resolve the issue or grant the requested relief; (3) exhaustion would be futile because the agency is biased or has already determined the issue; or (4) substantial constitutional questions are raised. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004).

Jones contends that his failure to exhaust should be excused because exhaustion would be futile. *See* Dkt. 1-1, at 1. Specifically, he states that the bureau has already determined that only prisoners with two years or less remaining on their sentence are eligible to have their sentences recalculated. To support that proposition, Jones cites an April 2022 declaration filed by Susan Giddings, the bureau's Unit Management Section Chief, in a different habeas lawsuit filed in another court. *See id.*, citing *Stewart v. Snider*, Case No. 22-cv-294 (N.D. AL.). Jones did not submit the declaration with his petition, but I have reviewed a copy of the declaration from that court's docket. *See id.*, Dkt. 11-14. The declaration does not show that the bureau has predetermined that Jones is ineligible to have his sentence recalculated. Giddings states that the bureau has prioritized calculating credits for inmates within 24 months of release because those inmates may be eligible for "immediate benefit in terms of release or pre-release community placement." But she states that the policy is an interim measure to ease the burden on staff before an automated system for calculating credits is put into place. The declaration is over a year old, and Jones adduces no evidence that the policy Giddings identifies is still in place. And even if it were, Giddings doesn't say that the bureau would refuse to calculate an

2

inmate's time credits in response to an inmate complaint. Jones hasn't shown that it would be futile to pursue administrative remedies related to his claim.

Jones will not be prejudiced if he is required to exhaust his administrative remedies. Jones is scheduled for release in September 2029, which is 75 months away. One year is the maximum amount of First Step Act time credits that may be applied toward an inmate's placement in supervised release. 18 U.S.C. § 3624(g)(3). Applying a year's worth of First Step Act time credit would still leave Jones with a release date of September 15, 2028, more than five years from now. Jones contends that the application of his time credits would "enable him to fully participate in release date sensitive programming," among other things, but he does not articulate which of those benefits he would actually be entitled to receive if his sentence were recalculated to reflect his time credits. Because it does not appear that Jones is entitled to any immediate concrete relief, I will not excuse Jones from the exhaustion requirement. I will dismiss Jones's petition without prejudice.

ORDER

IT IS ORDERED that petitioner Corey Jones's petition for writ of habeas corpus under 28 U.S.C. § 2241, Dkt. 1, is DENIED for petitioner's failure to exhaust his administrative remedies. The clerk of court is directed to enter judgment and close this case.

Entered June 9, 2023.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge